IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| Albert James Cave, Jr., <br><br> Petitioner, <br><br> v. <br><br> Warden, Lieber Correctional Institution, <br><br> Respondent. | C/A. No. 0:18-3572-CMC <br><br><br> **Opinion and Order** |

This matter is before the court on Petitioner's application for writ of habeas corpus, filed in this court pursuant to 28 U.S.C. § 2254. ECF No. 1. Petitioner challenges his first-degree burglary conviction for which he was convicted in August 2011[1], alleging ineffectiveness of trial and appellate counsel, prosecutorial misconduct, and a *Brady* violation. *Id.* at 1, 3.

On April 19, 2019, Respondent filed a return and a motion for summary judgment. ECF Nos. 17, 18. A *Roseboro* Order was mailed to Petitioner, advising him of the importance of a dispositive motion and the need to file an adequate response. ECF No. 19. Petitioner filed a response in opposition to the summary judgment motion. ECF No. 27.

In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (B)(2)(d), DSC, this matter was referred to United States Magistrate Judge Paige J. Gossett for pre-trial proceedings and a Report and Recommendation ("Report"). On October 23, 2019, the Magistrate Judge issued a Report recommending Respondent's summary judgment motion be granted and Petitioner's application denied. ECF No. 30. The Magistrate Judge advised Petitioner of the procedures and

---

[1] Petitioner filed another § 2254 Petition regarding his first-degree burglary and petit larceny convictions for which he was convicted in September 2012. *See* C/A No. 0:18-3573.

requirements for filing objections to the Report and the serious consequences if he failed to do so. Petitioner has filed no objections and the time for doing so has expired. Petitioner's copy of the Report has not been returned to the court.[2]

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *See Matthews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). The court reviews the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.") (citation omitted).

After reviewing the application, the motion, the applicable law, and the Report and Recommendation of the Magistrate Judge, the court finds no clear error. Accordingly, the Report and Recommendation of the Magistrate Judge is adopted and incorporated by reference.

Respondent's motion for summary judgment is granted. This matter is dismissed with prejudice.

---

[2] Petitioner's objections were due by November 6, 2019, plus three days due to service by mail. In an abundance of caution, the court delayed ruling on the Report for over an additional week beyond the deadline, yet received no objections from Petitioner.

## CERTIFICATE OF APPEALABILITY

The governing law provides that:

(c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.

(c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003); *Slack v. McDaniel,* 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is **denied**.

**IT IS SO ORDERED**.

s/Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
Senior United States District Judge

Columbia, South Carolina
November 26, 2019